UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Terrell Rhodes Montgomery, | ) | C/A No. 2:11-0478-HFF-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Mount Pleasant Police Department; Detective Adam Mason Willis, MPPD; Detective Simmons, MPPD; and Donald Higgins Howe, Esq., | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Terrell Rhodes Montgomery, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a detainee at the Charleston County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names a government entity and government employees as defendants.[1] Plaintiff claims false arrest, false imprisonment, and an illegal search and seizure in violation of his Fourth Amendment rights, as well as lawyer misconduct, all in relation to pending state criminal proceedings. Plaintiff seeks monetary damages, as well as injunctive relief.

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of*

---

[1] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



*Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). Further, as the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976). Even when considered under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal.

The *pro se* complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii); *see* 28 U.S.C. § 1915A (same criteria). Hence, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## DISCUSSION

The complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). However, to state a potentially valid claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of

2



the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint alleges lawyer misconduct by Defendant Howe, Plaintiff's criminal defense attorney. ECF No. 1 at 6-7. "The color of law requirement excludes from the reach of § 1983 all 'merely private conduct,'" even if the conduct is "'discriminatory or wrongful.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003), quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a prerequisite for an action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). Thus, the Complaint fails to state a valid § 1983 claim against Defendant Howe, because Plaintiff's criminal defense attorney is not a person acting under color of state law.

The Complaint also alleges the Mount Pleasant Police Department, Detective Willis and Detective Simmons, "committed an illegal act of police coercion" by manipulating information that was used to obtain an "invalid arrest and search warrant that lead to the plaintiff being falsely arrested, falsely accused, falsely incarcerated and also an illegal search and seizure." ECF No. 1 at 3-4. However, to state a cognizable § 1983 claim for false arrest, a plaintiff must allege that the arrest was made without an arrest warrant. *See Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir.1998) ("[A] claim for false arrest may be considered only when no arrest warrant has been obtained."). The Complaint acknowledges that Plaintiff was arrested with a warrant, but alleges the warrant was not supported by probable cause in violation of his Fourth Amendment rights. To state such a Fourth

3



Amendment claim, however, Plaintiff must allege that "police seized him 'pursuant to legal process that was not supported by probable cause, and that the criminal proceedings terminated in his favor.'" *Miller v. Prince George's Cnty.*, 475 F.3d 621, 627 (4th Cir. 2007)(quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-4 (4th Cir. 1996)).  The Complaint does not allege that the criminal proceedings against Plaintiff that were initiated by Defendants Willis, Simmons and Mount Pleasant Police Department have been terminated in his favor.  Indeed, it is readily apparent that his criminal charges are still pending.  Thus, the Complaint fails to state a claim for violation of Plaintiff's Fourth Amendment rights based on his seizure through a warrant unsupported by probable cause.

Additionally, the Complaint not only seeks monetary damages, but also requests injunctive relief in the form of "an investigation on the Detectives involved in this matter for police coercion."  ECF No. 1 at 8.  A federal court, however, should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances."  *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996); citing *Younger v. Harris*, 401 U.S. 37 (1971)(abstention doctrine for pending state judicial proceedings).  The complaint in this case does not present extraordinary circumstances that justify federal court intervention into Plaintiff's pending state criminal case through injunctive relief. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986)["[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."].  Because Plaintiff's pending state criminal case implicates important state interests, and Plaintiff has the opportunity to raise his federal claims concerning his arrest and imprisonment in the state proceedings, abstention is appropriate in this case.  *See Martin Marietta Corp. v. Maryland*



*Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994)(three-prong test for abstention), citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

**RECOMMENDATION**

The Complaint, even liberally construed, "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *see* 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to dismissal). Accordingly, it is recommended that the Court dismiss the Complaint *without prejudice* and without issuance of service of process.

Bristow Marchant
United States Magistrate Judge

April 19, 2011
Charleston, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

